Filed 12/23/15  P. v. Ruiz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064398 |
| v. | (Super.Ct.No. FWV1401368) |
| MICHAEL RUIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Michael Ruiz appeals from an order denying his petition to reduce his robbery conviction to a misdemeanor pursuant to Penal Code section 1170.18.[1] We affirm the order.

PROCEDURAL BACKGROUND

Defendant was charged by felony complaint with second degree robbery (§ 211, count 1), grand theft person (§ 487, subd. (c), count 2), and first degree burglary (§ 459, count 3). The complaint also alleged that he had served six prior prison terms. (§ 667.5, subd. (b).) On December 3, 2014, defendant entered a plea agreement and pled guilty to count 1. A trial court sentenced him to the agreed-upon term of two years in state prison. It also dismissed the remaining counts and allegations.

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

On July 15, 2015, defendant filed a petition for resentencing pursuant to Proposition 47, in propria persona. At a hearing on July 31, 2015, the court determined that defendant's charge did not qualify for relief under Proposition 47 and denied the petition.

On August 28, 2015, defendant filed a notice of appeal.

### DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether the court erred in denying defendant's petition for resentencing under Proposition 47. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

3

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
J.


We concur:


RAMIREZ
P. J.


McKINSTER
J.


4